# EXHIBIT B

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>Address:   1437 Bannock Street<br>            Denver, Colorado 80202<br>Telephone:  720-865-8301<br>_____<br><br>**Plaintiff:**   **DANA MOORE**<br><br>**v.**<br><br>**Defendants:  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation and TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, a foreign corporation**<br>_____<br>Attorney for Plaintiff:<br>Sean B. Walsh, Atty. Reg. No. 35141<br>Brian J. Lampert, Atty. Reg. No. 9437<br>LAMPERT & WALSH, LLC<br>3650 S. Yosemite Street, Suite 404<br>Denver, Colorado 80237<br>Telephone:   720-489-5848<br>Facsimile:   720-489-0540<br>sean.walsh@lampertwalsh.com | DATE FILED: April 2, 2020 10:56 AM<br>FILING ID: B67786BA7FA1C<br>CASE NUMBER: 2020CV31247<br><br>▲ **COURT USE ONLY** ▲<br>_____<br><br>Case Number:<br><br>   **2020-CV-___**<br><br>Div: ___ |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Dana Moore, by and through her attorneys of record Lampert & Walsh, LLC, states the following Complaint against the Defendants:

## **GENERAL ALLEGATIONS**.

1.   Plaintiff Dana Moore was at all times pertinent hereto a resident of the City and County of Denver, State of Colorado.

2.   That at all times material hereto, Defendant State Farm Mutual Automobile Insurance Company, Inc. (hereinafter "State Farm") was a foreign corporation in good standing with the State of Colorado with a Registered Agent, Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

1

**EXHIBIT B**

3. That at all times material hereto, Defendant Travelers Property Casualty Insurance Company, Inc. (hereinafter "Travelers") was a foreign corporation in good standing with the State of Colorado with a Registered Agent, Colorado Division of Insurance, 1560 Broadway, Denver, Colorado 80202.

4. Defendant Travelers is a corporation licensed to conduct business in the State of Colorado and at all times pertinent hereto entered into a contract with Plaintiff and engaged in business in Colorado.

5. This Court has jurisdiction over the subject matter at issue because this is a civil action for damages and or equitable relief pursuant to Colo. Const. Art. VI, §9(1).

6. Venue in this Court is proper pursuant to C.R.C.P. 98(c)(3)(B) in that an action shall be tried in the County where the contract was entered or signed by one or more Defendant or where any Defendant may be found at the time the contract was entered into, or where any Defendant conducts business at the time the action is commenced.

7. At all times pertinent, Defendant Travelers was the auto insurer for Plaintiff Moore on claims arising out of Plaintiff's automobile injuries on June 14, 2016, with coverage for uninsured/underinsured motorist claims. Such coverage gave rise to a duty of good faith and fair dealing between Plaintiff and Defendant Travelers.

8. At all times pertinent, Defendant State Farm was the auto insured for Kristin Kleimann, the driver of the vehicle in which Plaintiff was a passenger and sustained injuries on June 14, 2016, with coverage for uninsured/underinsured motorist claims. Such coverage gave rise to a duty of good faith and fair dealing between Plaintiff and Defendant State Farm.

9. Plaintiff complied with all terms and conditions of the relevant insurance policies.

10. Kendall Warembourg was the at-fault driver for Plaintiff Dana Moore's accident-related injuries sustained on June 14, 2016.

11. Mr. Warembourg was an underinsured motorist and Plaintiff recovered full policy limits against him, which left the State Farm and Travelers policies as the only avenues of recovery under the UM/UIM policies for Ms. Moore.

12. State Farm and Travelers were advised as to the medical treatment and medical bills associated with Dana Moore's injuries sustained due to the motor vehicle accident on June 14, 2016. All of the medical treatment, which totaled in excess of **$108,832.00**, was caused by the June 14, 2016 motor vehicle accident. Ms. Moore will also require a life care plan for future medical expenses and essential services valued from **$93,724.00 to $230,996.00** as a result of injuries sustained in the accident.

# EXHIBIT B

13. Defendants State Farm and Travelers have denied coverage, used the accident as a basis for denial, refused to pay substantial portions of Plaintiff Moore's medical bills, and/or resolve her claims in a timely manner. In addition, Defendants have refused to offer a reasonable amount to Plaintiff for her injuries, damages and losses despite medical records and medical bills, which established a causal connection to the June 15, 2016 motor vehicle accident.

14. As a result of the conduct of Defendants, Plaintiff is required to prepare for, and participate in, a jury trial to obtain the Plaintiff's UM/UIM benefits from Defendants, causing and inflicting on Plaintiff further severe emotional distress and pain during a trial, and particularly being required to disclose intimate and personal emotional issues and damages in a public courtroom and enduring cross-examination by counsel for the Defendants in front of a jury. Further Plaintiff will incur increased attorney's fees and costs to prove Defendant's obligation to indemnify Plaintiff or her losses. Plaintiff will also incur further economic loss by the time and resources of such a trial.

15. Plaintiff Moore has incurred a number of medical bills totaling in excess of **$108,832.00** to date and has future medical expenses she will continue to incur. Ms. Moore will also require a life care plan for future medical expenses and essential services valued from **$93,724.00 to $230,996.00** as a result of injuries sustained in the accident. As a result, Plaintiff has incurred damages and is experiencing a worsening her medical condition. As a further and direct result of the above-described accidents, Plaintiff has incurred pain and suffering, together with loss of enjoyment of life, physical impairment, and will in the future continue to incur such pain and suffering, loss of enjoyment of life, and physical impairment due to the continuing nature and permanency of her injuries.

## FIRST CLAIM FOR RELIEF
*(Breach of Contract-State Farm)*

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. Plaintiff Moore was an insured under the terms of Kristin Kleimann's insurance contract entered into with Defendant State Farm to provide UM/UIM coverage if any person in her vehicle was injured as a result of a motor vehicle accident and was either not compensated or not compensated fully for that person's injuries from a third-party.

18. During the time of the coverage, Plaintiff Moore was injured by a negligent driver on June 14, 2016.

19. Defendant State Farm has failed to negotiate in good faith toward the Plaintiff and, as such, has breached its contractual duty to deal fairly with their insured, compensate Plaintiff in a timely and reasonable manner and/or make a reasonable offer to Plaintiff.

# EXHIBIT B

20. As such, Plaintiff has been denied use of funds to seek out additional medical treatment, has incurred medical debt, deals with emotional distress, and furthermore the Defendant has failed to compensate Plaintiff for her injuries, harms and losses suffered under Paragraph 15 of this Complaint.

WHEREFORE, Plaintiff prays for relief against Defendant State Farm following the Sixth Claim for Relief.

## SECOND CLAIM FOR RELIEF
*(Improper denial of benefits under C.R.S. §10-3-1115–State Farm)*

21. Paragraphs 1 through 20 are incorporated herein by reference.

22. Defendant State Farm owed duties to Plaintiff, as its insured, to act fairly and reasonably in adjusting and paying the claim of Plaintiff presented to it for UM/UIM benefits as defined by C.R.S. §10-3-1115.

23. Defendant violated those duties under C.R.S. §10-3-1115 in one or more of the following ways:

   (a) Not attempting to effectuate prompt, fair and equitable settlement of Plaintiff's claim, despite doctor's opinions and medical records, in which liability had becoming reasonably clear;

   (b) Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy and denying UM/UIM coverage to their insured;

   (c) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the claim;

   (d) Unreasonably delaying or denying payment for Plaintiff's claims for benefits owed to Plaintiff.

   (e) Unreasonably relying on "pre-existing" conditions without a basis to do so.

24. As a result of these unreasonable and/or reckless acts or omissions of Defendant, Plaintiff suffered injuries and damages in an amount to be proven at trial and asks for damages under C.R.S. §10-3-1116.

WHEREFORE, Plaintiff prays for relief against Defendant State Farm as set forth following the Sixth Claim for Relief.

# EXHIBIT B

### THIRD CLAIM FOR RELIEF
*(Improper denial of UM/UIM benefits under C.R.S. §10-3-1115–State Farm)*

25.     Paragraphs 1 through 24 are incorporated herein by reference.

26.     Defendant State Farm acted unreasonably in delaying and denying Plaintiff the full value of her UM/UIM benefits, while damages have been established, and thus requiring Plaintiff to proceed to a jury trial to obtain a judgment for UIM benefits.

27.     Defendant knew that its conduct and position on the claim was unreasonable or Defendant recklessly disregarded the fact that its conduct and position on the claim was unreasonable in their delay and denial of Plaintiff's claim under C.R.S. §10-3-1115.

28.     Defendant's unreasonable conduct and position on the claim was a cause of Plaintiff's damages to be proven at trial under C.R.S. §10-3-1116.

WHEREFORE, Plaintiff prays for relief against Defendant Travelers following the Sixth Claim for Relief.

### FOURTH CLAIM FOR RELIEF
*(Breach of Contract-Travelers)*

29.     Paragraphs 1 through 28 are incorporated herein by reference.

30.     Plaintiff Moore entered into a contract for automobile insurance with Defendant Travelers to provide UM/UIM coverage if she was injured as a result of a motor vehicle accident and was either not compensated or not compensated fully for her from a third-party.

31.     During the time of the coverage, Plaintiff Moore was injured by a negligent driver on June 14, 2016.

32.     Defendant Travelers has failed to negotiate in good faith toward the Plaintiff and, as such, has breached its contractual duty to deal fairly with their insured, compensate Plaintiff in a timely and reasonable manner and/or make a reasonable offer to Plaintiff.

33.     As such, Plaintiff has been denied use of funds to seek out additional medical treatment, has incurred medical debt, deals with emotional distress, and furthermore the Defendant has failed to compensate Plaintiff for her injuries, harms and losses suffered under Paragraph 15 of this Complaint.

WHEREFORE, Plaintiff prays for relief against Defendant Travelers following the Sixths

**EXHIBIT B**

Claim for Relief.

### FIFTH CLAIM FOR RELIEF
*(Improper denial of UM/UIM benefits under C.R.S. §10-3-1115–Travelers)*

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. Defendant Travelers owed duties to Plaintiff, as its insured, to act fairly and reasonably in adjusting and paying the claim of Plaintiff presented to it for UM/UIM benefits as defined by C.R.S. §10-3-1115.

36. Defendant violated those duties under C.R.S. §10-3-1115 in one or more of the following ways:

    (f) Not attempting to effectuate prompt, fair and equitable settlement of Plaintiff's claim, despite doctor's opinions and medical records, in which liability had becoming reasonably clear;

    (g) Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy and denying UM/UIM coverage to their insured;

    (h) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the claim;

    (i) Unreasonably delaying or denying payment for Plaintiff's claims for benefits owed to Plaintiff.

    (j) Unreasonably relying on "pre-existing" conditions without a basis to do so.

WHEREFORE, Plaintiff prays for relief against Defendant Travelers following the Sixth Claim for Relief.

### SIXTH CLAIM FOR RELIEF
*(Improper denial of UM/UIM benefits under C.R.S. §10-3-1115–Travelers)*

37. Paragraphs 1 through 36 are incorporated herein by reference.

38. Defendant Travelers acted unreasonably in delaying and denying Plaintiff the full value of her UM/UIM benefits, while damages have been established, and thus requiring Plaintiff to proceed to a jury trial to obtain a judgment for UIM benefits.

39. Defendant knew that its conduct and position on the claim was unreasonable or

**EXHIBIT B**

Defendant recklessly disregarded the fact that its conduct and position on the claim was unreasonable in their delay and denial of Plaintiff's claim under C.R.S. §10-3-1115.

40. Defendant's unreasonable conduct and position on the claim was a cause of Plaintiff's damages to be proven at trial under C.R.S. §10-3-1116.

WHEREFORE, Plaintiff prays for judgment against the Defendants in an amount to be determined at trial of the civil action, together with costs, exemplary damages, interest, attorney fees, expert witness fees, and such other and further relief including relief under C.R.S. §10-3-1116, such as pre-judgment and post-judgment interest to the extent permitted by law as this Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all claims so triable.

Respectfully submitted this 2nd day of April, 2020.

**LAMPERT & WALSH, LLC**

*The duly signed original of this document is on file at the law offices of Lampert & Walsh, LLC*

/s/ Sean B. Walsh_____
Sean B. Walsh, Esq.

COUNSEL FOR PLAINTIFF

Plaintiff's Address:
9201 E. Mississippi Ave.
Denver, Colorado 80247